UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-1705
(7:20-cv-00134-EKD)

_____

MOUNTAIN VALLEY PIPELINE, LLC,

      Plaintiff–Appellee,

v.

8.37 ACRES OF LAND, OWNED BY FRANK H. TERRY, JR., JOHN COLES TERRY, III, AND ELIZABETH LEE TERRY ALSO KNOWN AS ELIZABETH LEE REYNOLDS, ROANOKE COUNTY TAX MAP PARCEL NO. 102.00-01-02.00-0000, AND BEING MVP PARCEL NO. VA-RO-046,

      Defendants–Appellants.

OBJECTIONS TO DOCKETING STATEMENT

Pursuant to Local Rule 3(b), plaintiff–appellee Mountain Valley Pipeline, LLC ("MVP"), by counsel, objects to the Docketing Statement filed by defendants–appellants (the "Terrys"), Doc. 11, on the following grounds:

1.     The Docketing Statement incorrectly states that this is an appeal of a final judgment. In fact, the order being appealed, Dkt. No. 156, states that the court will enter judgment in the future. The Terrys filed their notice of appeal before the district court entered its judgment.

2. The Docketing Statement also incorrectly states that the district court "ignored" the Second Motion for Interest and Costs filed by the Terrys. Dkt. No. 157. In fact, the "second" motion was the Terrys' fourth post-trial filing seeking various expenses. In any event, the district court did not ignore the motion. Instead, the Terrys filed their notice of appeal before the district court ruled on the motion.

3. The Docketing Statement states there is a single issue on appeal—whether state or federal law governs the measure of just compensation in condemnation actions under the Natural Gas Act. There are several other dispositive issues. One is whether the Terrys properly or timely sought an award for expenses under state law, given that they originally moved for expenses under federal law and did not raise state law until after their motion was briefed, argued, and submitted for decision. Another is whether Terrys can now challenge the award of federal interest instead of state interest when federal interest was specified in an earlier order that was appealed and affirmed by this Court. Another issue is whether the state statute cited by the Terrys provides for expenses in this case, even if state law governs.

ABINGDON: 1334840-1

4. The Docketing Statement incorrectly states that transcripts are not needed for this appeal. However, the necessary transcript is already filed in the district court. See Dkt. No. 141.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  /s/ Wade W. Massie
        Wade W. Massie

ABINGDON: 1334840-1

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of August 2024, I caused this document to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the registered CM/ECF users.

_/s/ Wade W. Massie_
Wade W. Massie
